## Case No. 3,635.

### DAVIS v. GARLAND.

[5 Cranch, C. C. 570.][1]

Circuit Court, District of Columbia. Nov. Term, 1839.

CLERK OF HOUSE OF REPRESENTATIVES — BREACH OF CONTRACT FOR PUBLIC PRINTING—PERSONAL LIABILITY.

The clerk of the house of representatives is not personally responsible in damages for refusing to give the public printing to a person to whom the preceding clerk had promised it, and, therefore, cannot be held to special bail in an action upon the case founded on such refusal.

This was a special action upon the case, in which the plaintiff [George M. Davis], in his declaration, complained, that whereas the house of representatives of the United States, at the 1st session of the 25th congress had passed a resolution that their clerk be directed to cause to be printed, a ninth volume of the laws of the United States, after the manner of the eighth volume thereof, in pursuance of which resolution, the then clerk, one Walter S. Franklin, in the year 1838, had, in

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

his capacity of clerk of the said house, employed the plaintiff, and agreed and contracted with him to print a ninth volume of the said laws, in the manner as resolved, and to deliver a copy of the said laws to the plaintiff, to enable him to print the same; the plaintiff in consideration thereof had made ample arrangements, and employed the means to print the said ninth volume, 'and was ready and willing to print the same, when the said Walter S. Franklin departed this life, and the defendant [Hugh A. Garland] was elected his successor as clerk of the house of representatives; soon after which the defendant was notified of the said contract, and of the plaintiff's readiness and preparation to comply with the same; and the plaintiff demanded of the defendant a copy of the said laws, for the purpose of printing the same, according to the said resolution and contract; but the defendant intending to injure the plaintiff, and to deprive him of the benefit of the said contract, refused to deliver to the plaintiff a copy of the said laws, and prevented plaintiff from printing the same; by means whereof he lost the printing of the said ninth volume of the said laws, and the benefit of the said contract, and has lost his time, trouble, and money in preparations for complying with the said contract. &c. to the value of $2,500. The second count contains an additional averment, that the defendant after having had notice of the contract with the plaintiff, and his readiness to comply with it, gave the job to another person. The facts were substantially verified in the plaintiff's affidavit, and the further fact that the persons whom the plaintiff had employed to do the work, had purchased paper to the amount of $300; and that he had sustained damage, by the defendant's refusal, &c. to the sum of $2.500.

Mr. Key moved for leave to enter an appearance for the defendant without special bail; upon the ground that it appeared, on the face of the declaration, and by the plaintiff's affidavit, to be a public contract, upon which the defendant was not personally liable.

Mr. Morfitt, for the plaintiff, contended that this action was not founded on the contract, but on the tort in the defendant's not delivering to the plaintiff a copy of the laws, which it was his duty, as a public officer, to deliver, to enable the plaintiff to comply with the contract which he had made with his predecessor.

But THE COURT (THRUSTON, Circuit Judge, absent) refused to require special bail; considering it as a public contract made under a resolution of the house of representatives, and for which neither the present defendant, nor his predecessor, was personally liable.

[NOTE. The case was subsequently tried on the merits, and a verdict given for plaintiff, which the court refused to set aside. Davis v. Garland, Case No. 3,636. But, on a writ of er-

ror to the supreme court, the judgment was reversed. Garland v. Davis, 4 How. (45 U. S.) 131.]